1  BRIAN P. FUNK ESQ.
   CSB NO. 110462
2  964 Fifth Avenue #214
   San Diego, CA 92101
3  (6l9) 233-4076

4  Attorney for Defendant,

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) | Crim No. 08CR0171-H |
|---|---|---|
| Plaintiff, | ) | **NOTICE OF MOTION TO:** |
| | ) | **Compel Discovery** |
| vs. | ) | |
| GILBERTO TORRES-ORDONEZ | ) | DATE : 03-17-08 |
| Defendant. | ) | TIME: 2:00 pm |

TO:    KAREN HEWITT UNITED STATES ATTORNEY and ,JEFFERY D. MOORE AUSA

   PLEASE TAKE NOTICE that on MARCH 17 , 2008, at 2:00 p.m., or as soon thereafter as counsel may be heard, GILBERTO TORRES-ORDONEZ , by and through his counsel, Brian P. Funk, will move this Court to compel discovery.

//

/

1

## MOTION

GILBERTO TORRES-ORDONEZ , by and through his counsel and pursuant to the Fifth and Sixth Amendments to the United States Constitution and the provisions of Rule 16 of the Federal Rules of Criminal Procedure hereby brings the following motion:

To compel discovery:

This motion is based on the instant Motions, Notice of Motions, the attached Statement of Facts and Memorandum of Points and Authorities, the files and records in the above-entitled case, and any and all other evidence which may be brought to this Court's attention prior to or at the time of the hearing on these motions.

Dated: March 11, 2008                    Respectfully submitted,

                                                           /sa/ Brian P. Funk
                                                          BRIAN P. FUNK
                                                          Attorney for Defendant

1  BRIAN P. FUNK ESQ.
   CSB NO. 110462
2  964 Fifth Avenue #214
   San Diego, CA 92101
3  (6l9) 233-4076

4  Attorney for Defendant,

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) | Crim No. 08CR0171-H |
|---|---|---|
| Plaintiff, | ) | **POINTS AND AUTHORITIES** |
| | ) | **Compel Discovery** |
| vs. | ) | |
| GILBERTO TORRES-ORDONEZ | ) | DATE : 03-17-08 |
| Defendant. | ) | TIME: 2:00 pm |

**I
MOTION FOR DISCOVERY**

GILBERTO TORRES-ORDONEZ hereby requests discovery **and preservation** of the following items pursuant to the Fifth and Sixth Amendments to the U.S. Constitution, Rule 16 of the Federal Rules of Criminal Procedure, and <u>Brady v. Maryland</u>, 373 U.S. 83 (1963). As of this date GILBERTO TORRES-ORDONEZ has received 158 pages of discovery in the above case,

The items which GILBERTO TORRES-ORDONEZ requests are set forth as follows:

**1. All reports** by government agents generated as a result of this case including, but not limited

08CR0171-H                                        1

1  to, crime reports, "tips", arrest reports, search warrants, and affidavits in support of search warrants.
2  GILBERTO TORRES-ORDONEZ  specifically requests all documents and reports concerning this
3  prosecution, including but not limited to all  reports generated during this investigation, "A-file"
4  deport tapes prior criminal records , all records of any medical condition of either defendant OR
5  witnesses.

7  **2. A list of all witnesses** the government intends to call during its case-in-chief, including
8  telephone numbers of the witnesses and their present whereabouts.
9      Although a defendant in a criminal case does not have the right to demand a list of witnesses, a
10  federal district court possesses, in the exercise of its inherent power to promote the proper
11  administration of justice, the authority to require the government to disclose a list of witnesses to be
12  called at trial.  United States v. Leichtfuss, 331 F.Supp. 723 (N.D. Ill. 1971).  In Leichtfuss, the
13  district court ordered the government to provide defense counsel with a list of government witnesses
14  thirty days prior to trial.  In the instant case, disclosure of the names and addresses of government
15  witnesses would facilitate prompt and effective cross-examination and foster stipulations to some
16  testimony.  Production of the government's witness list would also enable this Court to determine
17  the approximate length of the trial.

19   **3. All statements** made by  GILBERTO TORRES-ORDONEZ    or witnesses.
20        This item calls for discovery of  all statements made by   GILBERTO TORRES-ORDONEZ
21  , any Witness. , including the original  of  the alleged witness statements , all notes and rough notes
22  whether oral, written or recorded, which are in the possession, custody or control of the government
23  or which, by the exercise of due diligence, may become available to the government which have not
24  already been produced by the government.  Rule 16(a)(1)(A) clearly authorizes production of such
25  discovery.
26       This item calls for discovery of all statements of defendant, regardless to whom the statement
27  was made.  It also calls for handwritten notes taken by or at the request of government agents

concerning such statements. By the very terms of Rule 16(a)(1)(A), the defendant has the absolute right to inspect and copy written or recorded statements made by him to "government agents." The term "government agents" includes employees and agents in the established legal sense of the customs or the INS   and all those acting in concert with them. This rule has been interpreted to mandate discovery of the written summary of a defendant's oral statements contained in the handwritten notes of a government agent. Loux v. United States, 389 F.2d 911 (9th Cir. 1968). If the statement of the defendant is summarized in the notes of the U.S. Attorney, it is still discoverable pursuant to Rule 16(a)(1)(A) and is not shielded by the Work Product Rule.

**4.     All books, papers, documents, photographs, tape recordings, video tapes, and tangible objects** which are presently in the possession, custody, or control of the government and which are material to the preparation of the defense of defendant or intended for use as evidence by the government in its case-in-chief.

Rule 16(a)(1)(C) provides authority for production of documents called for in item # 4. In United States v. Countryside Farms, Inc., 428 F. Supp. 1150 (D. Utah 1977), the court made an interpretation as to what is included in the meaning of Rule 16(a)(1)(C) and concluded "... documents which will be relied on or referred to in any way by any witnesses called by the government during its case-in-chief" are to be produced. Thus all documents and reports which may be relied upon or referred to in any way by any witness are discoverable under Rule 16(a)(1)(C).

**5.     Government files and records concerning witnesses**.

The defense requests disclosure of any and all personnel files for persons to be called as government witnesses, informants in this case, and the defendant, together with the existence of any and all federal, state, and local government files for these individuals. Included in this request is identification of all official or unofficial internal affairs or public integrity investigation files relating to or connected with each witness who was, or is, a law enforcement officer.

The defense is entitled to have access to government files in order to ascertain whether there is information within such files which could be of an impeaching nature with regard to each witness

to be called, including lay witnesses and government agents. United States v. Deutsch, 475 F.2d 55 (5th Cir. 1973). In United States v. Morell, 524 F.2d 550 (2nd Cir. 1975), the Second Circuit held that defense counsel were entitled to impeachment information in the confidential file of an informant witness.

Personnel files, internal investigation files, state and local government files all should be disclosed to the defense with regard to each witness to be called for the government, including law enforcement agents, all informants, and the defendant. If the government resists production of these documents, then each file should be specifically identified so that the appropriate motions or legal process can be addressed to them prior to the time of trial.

6. **RULE 12 (D)( 2)**  Notice of all evidence which the government intends to use in its case-in-chief which may arguably be subject to a pre-trial motion to suppress.

The above requested discovery should be promptly disclosed to the defense to avoid delay at the time of trial and to allow an opportunity to evaluate, and possibly conduct further investigation if such statements establish that this is necessary and to allow the defense to adequately prepare for cross-examination of government witnesses. See, Fed. R. Evid. 801(d)(1)(A).

Under United States v. Miller, 771 F.2d 1219, 1232 (9th Cir. 1985); United States v. Dupuy, 760 F.2d 1492, 1502 (9th Cir. 1985); United States v. Harris, 543 F.2d 1247 (9th Cir. 1976), and Fed. R. Crim. P. 12(I),   also moves the court to order the government to produce, in camera if required, any raw notes made by the assistant United States attorney and/or investigative officers of all witness interviews. Should the government be unable to comply because of the destruction of such notes, this could be grounds for sanctions such as dismissal of the indictment or striking of the testimony of any witness to whom such notes relate. United States v. Harris, supra, 543 F.2d at 1251-1252; United States v. Johnson, 521 F.2d 1318 (9th Cir. 1975); United States v. Well, 572 F.2d 1383 (9th Cir. 1978).

**7. EXPERT WITNESSES - Fed. R. Crim. P. 16(a)(1)(E)**

1   8. GILBERTO TORRES-ORDONEZ requests disclosure of the identity of any expert
2 witnesses whom the United States intends to use.  Pursuant to Fed. R. Crim. P. 16(a)(1)(E), a written
3 summary of the opinions and the bases therefore, as well as the witness' qualifications, is requested.

6   The defense also requests that this Court make a continuing discovery order and that the
7 government be compelled to produce materials responsive to items contained in this motion as they
8 become available.
9 .

## CONCLUSION

11   For all the foregoing reasons, counsel for GILBERTO TORRES-ORDONEZ requests that
12 this court grant motion to compel discovery.

14 Dated: March 11, 2008
15                               Respectfully submitted,

17                               S/a Brian P. Funk
18                               Attorney for Defendant
                                 GILBERTO TORRES-ORDONEZ

1  BRIAN P. FUNK ESQ.
   CSB NO. 110462
2  964 Fifth Avenue #214
   San Diego, CA 92101
3  (6l9) 233-4076

4  Attorney for Defendant,

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, ) | Crim No. 08R0171-H | |
| ) | | |
| Plaintiff, ) | PROOF OF SERVICE | |
| ) | | |
| vs. ) | | |
| ) | | |
| GILBERTO TORRES-ORDONEZ ) | | |
| ) | DATE : 3-17-08 | |
| Defendant. ) | TIME: 2:00 pm | |

I Brian P. Funk, Electronically   served the Notice of Motion and Motion to compel discovery  on

US ATTORNEY   .

880 FRONT STREET

ROOM 6293

SAN DIEGO CA. 92101


March 11, 2008                    s/a Brian P. Funk


08CR0171-H                              6